UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL ANDERSON, | CASE NO. C13-281MJP |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| ICE FIELD OFFICE DIRECTOR, | |
| Respondent. | |

This matter comes before the Court on Respondent's Objections to the Report and Recommendation prepared by Magistrate Judge Tsuchida. Having reviewed the Report and Recommendation (Dkt. No. 15), Respondent's Objections (Dkt. No. 17), Petitioner's response (Dkt. No. 16), and the remaining record, the Court ADOPTS the Report and Recommendation, GRANTS Petitioner's petition for a writ of habeas corpus, and DENIES Respondent's motion to dismiss. Respondent is ORDERED to provide petitioner with an individualized bond hearing before an Immigration Judge pursuant to the general release terms of 8 U.S.C. § 1226(a) within 15 days of the entry of this Order. Within 5 days of the hearing, Respondent is ordered to file a report with the Court describing the outcome of that hearing.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS- 1

**Background**

Petitioner Michael Anderson is a native and citizen of Romania who entered the United States as a lawful permanent resident on July 13, 1990. (Dkt. No. 15 at 2.) Petitioner has only one felony conviction: In February 2012, he pled guilty in Oregon state court for the offense of delivery of marijuana, and was sentenced to a fine and 36 months probation. (Id.) Petitioner was released from criminal custody, and spent the next three months living at his home in Medford, Oregon. (Dkt. No. 16 at 2.)

ICE officers encountered Petitioner at his listed business address on May 1, 2012, and issued a Notice to Appear, charging Petitioner was removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B). (Dkt. No. 15 at 2.) Petitioner was detained by ICE two days later, on May 3, 2012, and has remained in custody ever since. (Id.)

Petitioner never received a formal bond hearing. On July 11, 2012, Petitioner appeared with counsel before an Immigration Judge and requested bond pursuant to 8 U.S.C. § 1226(a). (Id.) The Immigration Judge found that Petitioner was subject to mandatory custody under 8 U.S.C. § 1226(c), and denied bond. (Id.) On September 27, 2012, the Immigration Judge issued a written decision stating that the court lacked jurisdiction based upon evidence that the Petitioner is subject to mandatory custody under 8 U.S.C. § 1226(c). (Id.) In the alternative, the Immigration Judge also found that bond was inappropriate because Petitioner "was a danger to the community given the recency, nature, and extent of his conviction." (Id.) There is no indication in the record that petitioner appealed the Immigration Judge's bond decision to the Board of Immigration Appeals. (Id.)

On March 6, 2013, Petitioner filed the instant habeas petition, challenging the lawfulness of his mandatory detention. (Dkt. No. 3.) On May 16, 2013, Magistrate Judge Tsuchida issued a Report and Recommendation recommending that the Court grant the petition, because Petitioner is not subject to mandatory detention under 8 U.S.C. § 1226(c) because ICE did not take him into custody when he was released from criminal incarceration. (Dkt. No. 15 at 9.) Respondent has two objections. First, Respondent argues that Petitioner lacks standing to bring this habeas petition because the Immigration Judge already provided Petitioner a bond hearing. (Dkt. No. 17 at 2.) Second, Respondent argues that Magistrate Judge Tsuchida's interpretation of 8 U.S.C. § 1226(c) is incorrect, and that it should be construed to permit mandatory detention when an alien is taken into ICE custody months after being released from criminal custody. (Id. at 2-5.)

## Discussion

I.  Standing

Petitioner has standing to bring the instant habeas petition because, while he did have a hearing before an Immigration Judge, that hearing did not meet the requirements of a bond hearing under 8 U.S.C. § 1226(a). Respondent asserts that the Immigration Judge already provided a bond hearing, where she found that bond was inappropriate because Petitioner is "a danger to the community given the recency, nature, and extent of his conviction." (Dkt. No. 17 at 2.)

Even a cursory glance at the administrative record shows that the hearing Petitioner received was woefully inadequate. First, the Immigration Judge herself acknowledged that she did not believe she had jurisdiction to reach the issue of bond. (AR 324 ("Based upon the evidence presented the court found that respondent is subject [sic] mandatory custody under INA § 236(c).")). The Immigration Judge's conclusion was made "in the alternative," and her written

1  opinion spent only one sentence analyzing the factors affecting whether Petitioner should receive

2  bond. (Id.)

3        Second, the Immigration Judge's written decision contains a glaring error. The

4  Immigration Judge stated that one reason she was denying bond was because Petitioner "did

5  deliver a substantial quantity of marijuana (110 pounds) for consideration." (AR 324.) But

6  Petitioner's guilty plea was to delivery of 110 grams of marijuana, not 110 pounds. (See AR

7  465.) The Immigration Judge clearly lacked an accurate understanding of the basic facts

8  underlying the one factor she considered: "the recency, nature, and extent of his conviction."

9  (AR 324.) Therefore, contrary to Respondent's argument, Petitioner has not already received the

10  individualized bond hearing he seeks.

11        II.      Interpretation of 8 U.S.C. § 1226(c)

12        Respondent's second objection asserts that Magistrate Judge Tsuchida incorrectly

13  interprets 8 U.S.C. § 1226(c). (Dkt. No. 17 at 2-5.) Respondent argues that the Third and Fourth

14  Circuits, the only two federal courts of appeals to have yet reached the issue,[1] have both held that

15  ICE does not lose its authority to mandatorily detain an alien if ICE fails to act "when the alien is

16  released" from criminal custody. (Id. at 2-3, citing Sylvain v. Att'y Gen. of the U.S., 714 F.3d

17  150, 161 (3d Cir. 2013) and Hosh v. Lucero, 680 F.3d 375, 381-83 (4th Cir. 2012).

18        But this Court has repeatedly held that the language of 8 U.S.C. § 1226(c) is

19  unambiguous, and that Congress intended mandatory detention to apply only to those aliens

20  taken into immigration custody immediately after their release from state custody. See, e.g.,

21  Castillo v. ICE Field Office Director, 907 F. Supp. 2d 1235 (W.D. Wash. 2012); Snegirev v.

---

[1] The Government appears to have chosen not to appeal cases raising this issue to the Ninth Circuit.

1  Asher, 2013 WL 942607 (W.D. Wash. Mar. 11, 2013); Quezada-Bucio v. Ridge, 317 F. Supp. 2d
2  1221 (W.D. Wash. 2004); Pastor-Camarena v. Smith, 977 F. Supp. 1415 (1997). Indeed, while
3  the Third and Fourth Circuits have reached a different conclusion, as another district court noted,
4  there have been "an avalanche of district court rulings" in line with this Court's analysis. Burns
5  v. Cicchi, 702 F. Supp. 28 281, 287 (D.N. J. 2010). As this Court explained in Castillo, "our
6  primary duty must always be to apply the law as we understand Congress to have written it." 907
7  F. Supp. 2d at 1239, quoting Foley-Wismer & Becker v. NLRB, 682 F.2d 770, 775 (9th Cir.
8  1982). This Court's understanding of the law has been carefully explained elsewhere, and
9  Respondent gives no persuasive reason why the Court should reject it at this point.

## Conclusion

Petitioner is not subject to mandatory detention under 8 U.S.C. § 1226(c) because ICE did not take him into custody when he was released from criminal incarceration. Instead, Petitioner's pre-removal period detention is governed by 8 U.S.C. § 1226(a). The Court ADOPTS the Report and Recommendation, GRANTS Petitioner's petition for a writ of habeas corpus, and DENIES Respondent's motion to dismiss.

Respondent is ORDERED to provide petitioner with an individualized bond hearing before an Immigration Judge pursuant to the general release terms of 8 U.S.C. § 1226(a) within 15 days of the entry of this Order. Within 5 days of the hearing, Respondent is ordered to file a report with the Court describing the outcome of that hearing.

The clerk is ordered to provide copies of this order to Petitioner and to all counsel.

Dated this 9th day of August, 2013.

Marsha J. Pechman
United States District Judge